IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LANDS' END, INC.,                                                  ORDER

                Plaintiff,                                    11-cv-164-bbc

     v.

KELLY REEVES,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Kelly Reeves has removed this case from the Circuit Court of Iowa County, Wisconsin under 28 U.S.C. §§ 1441 and 1446. As a basis for federal jurisdiction, defendant relies on 28 U.S.C. § 1332, which requires a showing that plaintiff is not a citizen of the same state as defendant and that the amount in controversy is greater than $75,000. Plaintiff is contending that defendant owes it $80,500 for breaching a contract, so the amount in controversy requirement is satisfied. However, defendant has not made an adequate allegation of diversity under § 1332.

First, defendant has not identified her own citizenship properly. Defendant alleges that she is a "resident" of Ohio. However it is the citizenship, not the residency, of individual persons that matters for diversity jurisdiction purposes. An individual is a citizen of the state in which she is domiciled, that is, where she has a "permanent home and

1

principal establishment, and to which [s]he has the intention of returning whenever [s]he is absent therefrom."  Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002); see also Charles Alan Wright, Law of Federal Courts 161 (5th ed. 1994).

Second, defendant has not alleged the citizenship of plaintiff properly, stating only that plaintiff's principal place of business is in Dodgeville, Wisconsin.  This is not enough. A corporation is deemed a citizen of both the state in which it is incorporated and the state in which its principal place of business is located.  28 U.S.C. § 1332(c)(1); Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C., 385 F.3d 737, 741 (7th Cir. 2004).  Defendant must allege plaintiff's state of incorporation to allow the court to determine whether the parties are diverse.

As the proponent of federal jurisdiction, it is defendant's burden to show that the parties are citizens of different states.  Smart v. Local 702 International Brother of Electrical Workers, 562 F.3d 798, 802-03 (7th Cir. 2009).  Accordingly, I will give defendant an opportunity to file an amended notice of removal that includes allegations about the citizenship of the parties.  28 U.S.C. § 1653 (defective jurisdictional allegations may be cured); see also McMahon v. Bunn-O-Matic Corp., 150 F.3d 651, 654 (7th Cir. 1998) (allowing defendant to file "a proposed amendment to the notice of removal to put the jurisdictional details in the record").

ORDER

It is ORDERED that defendant Kelly Reeves may have until March 18, 2011, in which to provide this court with verification of the diversity of citizenship between herself and plaintiff.  Failure to do so will result in dismissal of this case for lack of subject matter jurisdiction.

Entered this 14th day of March, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3